**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DAVID BECSEY**
Zeigler Cohen & Koch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana



FILED

Apr 26 2012, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

DONALD CARTER,                      )
                                    )
    Appellant-Defendant,            )
                                    )
       vs.                       )     No. 49A02-1110-CR-933
                                    )
STATE OF INDIANA,                   )
                                    )
    Appellee-Plaintiff.             )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kimberly J. Brown, Judge
The Honorable Patrick Murphy, Judge Pro Tem
Cause No. 49G16-1012-FD-91499

**April 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Donald Carter appeals his conviction of Strangulation[1] and Intimidation,[2] both class D felonies. Carter challenges the sufficiency of the evidence as the sole issue on appeal.

We affirm.

The facts favorable to the convictions are that on December 3, 2010, Carter and his girlfriend, Clara Caudill, were at his mother's house. Caudill was working on her laptop computer and Carter was on his cell phone arguing with Melissa Barlow, the mother of his child. After ending the conversation with Barlow, Carter slammed shut Caudill's computer and began punching her in her side and on her leg with his closed fist, accusing her of not paying attention. When Caudill covered her face, Carter pulled her arms down and choked her for five to eight seconds such that she could not breathe. Later, Carter and Caudill drove to the house of their friends, Brandon and Mary Fleener. On the way there, Carter was still angry and strangled Caudill with her seat-belt strap for ten to fifteen seconds. He told Caudill that if she ever left him, he would kill her and her whole family and burn down their house.

At the Fleeners' house, they played cards and darts. Ultimately, Mary and Caudill went to get a movie to watch. After they returned, Carter was not happy with the movie the women chose and when he and Caudill were alone for a moment, he punched her in her lower back. Carter and Caudill spent the night with the Fleeners. The next morning, Caudill and Mary went to the home of a friend, where Mary noticed a bruise on Caudill's neck. Later

---

[1]  Ind. Code Ann. § 35-42-2-9 (West, Westlaw through end of 2011 1st Regular Sess.).
[2]  Ind. Code Ann. § 35-45-2-1 (West, Westlaw through end of 2011 1st Regular Sess.).

that day, Caudill reported what had occurred to Officer Clint Ellison of the Indianapolis Metropolitan Police Department. Carter was charged with strangulation, criminal confinement, intimidation, and battery. Following a bench trial, he was found guilty of strangulation, intimidation, and battery. Judgment of conviction was entered on the strangulation and intimidation counts.

Carter challenges his convictions on grounds that the evidence was not sufficient to support the convictions. Specifically, he contends that the convictions must be reversed because they were based upon "inherently contradictory, equivocal, and dubious testimony" provided by Caudill. *Appellant's Brief* at 3. Our standard of reviewing challenges to the sufficiency of the evidence supporting a criminal conviction is well settled.

> When reviewing a claim that the evidence introduced at trial was insufficient to support a conviction, we consider only the probative evidence and reasonable inferences that support the trial court's finding of guilt. We likewise consider conflicting evidence in the light most favorable to the trial court's finding. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. Instead, we will affirm the conviction unless no reasonable trier of fact could have found the elements of the crime beyond a reasonable doubt.

*Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). When considering a challenge to the evidence, we neither reweigh the evidence nor assess the credibility of witnesses. *Turner v. State*, 953 N.E.2d 1039 (Ind. 2011). Under the incredible dubiosity rule, which Carter asks us to invoke here, a defendant's conviction may be reversed if a sole witness presents inherently improbable testimony, and there is a complete lack of circumstantial evidence. *Love v. State,* 761 N.E.2d 806 (Ind. 2002). The rule is applicable only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated

3

testimony of incredible dubiosity. *Id.* Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it. *Id.*

We find nothing inherently incredible about Caudill's testimony. Her description of Carter's attacks upon her were plausible in and of themselves, and were not rendered less so merely because Caudill did not immediately report Carter's actions to the police, but instead stayed with Carter for the rest of that day and then all night at the Fleeners'. Moreover, Caudill's claims were corroborated by Mary Fleener, who saw a bruise on Caudill's neck the day after these incidents occurred, and by Officer Ellison, who observed on that same day that Caudill's neck "was red, had a reddish tint to it, and [there] appeared to be some light bruising on it." *Transcript* at 31. In summary, Caudill's testimony was not inherently unbelievable and was easily sufficient to support the convictions.

Judgment affirmed.

MAY, J., and BARNES, J., concur.